IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIFFANY BANKS, TAMMY BOSS, HENRY DIXON, and YOLANDA THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>HOUSING AUTHORITY OF DEKALB COUNTY, and EUGENE WALKER, in his official capacity as its Executive Director,<br><br>Defendants. | CIVIL ACTION NO.<br>1:14-CV-2593-AT |

# **ORDER**

This case is before the Court on a *sua sponte* review of Defendants' Notice of Removal [Doc. 1]. For the reasons set forth below, the Court **REMANDS** the case to the Dekalb County Superior Court.

This is Defendants' second attempt to remove this case to this Court. (*See Banks v. Housing Authority of Dekalb*, Civil Action No. 1:14-cv-1281-AT.) Following this Court's granting of Plaintiff's Motion to Remand in Civil Action No. 1:14-cv-1281-AT on the basis that Defendants waived their right to remove the action by substantially litigating on the merits in the state court, Defendants filed a Notice of Appeal to the Eleventh Circuit.

Defendants' Notice of Removal filed in the instant Civil Action No. is improper and insufficient. "[T]he party seeking a federal venue must establish the venue's jurisdictional requirements," and therefore Defendants bear the burden of establishing that removal is proper. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir.2007), *cert. denied*, 553 U.S. 1080 (2008). The totality of the pertinent removal allegations are as follows:

> Plaintiffs' Complaint purports to make claims of violations of 24 C.F.R. §§ 982.552, 982.553 and 982.555 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (Not. ¶ 2.)
>
> Defendants filed a Notice of Removal on April 29, 2014. Plaintiffs filed a Motion to Remand on May 29, 2014. The Court granted Plaintiffs' Motion to Remand on July 9, 2014. (Not. ¶ 3.)
>
> Plaintiffs have filed a Motion to Intervene and For Temporary Restraining Order and Interlocutory Injunction for Natalie Sanders on August 11, 2014. (Not. ¶ 4.)
>
> Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over claims arising under the United States Constitution. Accordingly, Plaintiffs' Motion to Intervene and for Temporary Restraining Order and Interlocutory Injunction is subject to removal to this Court pursuant to 28 U.S.C. §§ 1441(b)[1] and 1446. (Not. ¶ 5.)
>
> This notice is filed within thirty (30) days of the service process of the Motion to Intervene and for Temporary Restraining Order and Interlocutory Injunction. (Not. ¶ 6.)

Defendants' Notice of Removal is perplexing. It is unclear whether Defendants are seeking to remove the entire case or solely the Plaintiffs' Motion to Intervene and for Temporary Restraining Order and Interlocutory Injunction.

---

[1] Although Defendants cite 28 U.S.C. § 1441(b) as authority for their removal, § 1441(b) applies to removal based on diversity of citizenship and is therefore inapplicable here.

(*See* Not. at ¶ 5 (stating Plaintiffs' Motion to Intervene and for Temporary Restraining Order and Interlocutory Injunction is subject to removal to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446.)  Defendants point to no authority nor offer any argument why this case is removable on the filing – in state court - of a Motion to Intervene and for Temporary Restraining Order and Interlocutory Injunction by the Plaintiffs in this action.  Nonetheless, 28 U.S.C. § 1446(b)(3), provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  The Notice of Removal contains no explanation how Plaintiffs' motion satisfies § 1446(b)(3).  *See Mendez v. Jarden Corp.*, 503 F. App'x 930, 935 (11th Cir. 2013) ("A defendant has 30 days to remove a civil action to federal court after receipt of the relevant pleading, but, in a case not originally removable, a defendant may remove the case to federal court within 30 days of receiving a pleading or other paper that indicates satisfaction of federal jurisdictional requirements. 28 U.S.C. § 1446(b)(1), (3).")

    The Court assumes for argument's sake that Defendants are seeking to remove only a portion of the case, i.e. the potential claims of proposed intervenor Natalie Sanders, and that the Plaintiffs' motion arguably would present a basis for removal.  However, that portion of the case would not yet be properly removable as the removability hinges on the state court's granting of the motion

3

for leave to intervene, not upon Plaintiffs' filing of the motion. *See Bollinger v. State Farm Mut. Auto. Ins. Co.*, 538 F. App'x 857, 863 (11th Cir. 2013) (holding that a case becomes removable only after the state court grants the motion for leave to amend the complaint, not when the motion for leave to amend is filed).

As Defendants' Notice of Removal does not demonstrate that this case would again be removable, the Court finds that Defendants have failed to establish the propriety of removal of this action.  Accordingly, the Court **ORDERS** that the case be **REMANDED** to the Superior Court of Dekalb County.  Defendants are **ADVISED** that any future attempts to remove this action without a sufficient basis in law or fact will be looked on with disfavor by this Court.[2]

**IT IS SO ORDERED** this 13th day of August, 2014.

_____
**Amy Totenberg**
**United States District Judge**

---

[2] Defendants are also advised that they are required to fill out a Civil Cover Sheet upon filing a Notice of Removal in this Court and to indicate whether the case is a related or refiled case. Even if the state court were to permit Natalie Sanders to intervene as a Plaintiff and seek injunctive relief similar to that obtained by the original Plaintiffs, it is not clear that this portion of the case is properly removable.